UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 3:14-cr-142 (VLB) |
| | : | |
| LAMAR CARTER | : | |
| Defendant. | : | January 30, 2020 |

The Defendant, Lamar Carter, pled guilty to violation of 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm, and was sentenced by the Court to a 66-month term of imprisonment on July 27, 2016. [Dkt. 89 (Crim. Judgment)]. On January 24, 2020, Mr. Carter filed, *pro se*, a "Motion to Enforce 19 U.S.C. § 1952" [Dkt. 92]. Mr. Carter argues that the Government asserted at sentencing that the firearm was possessed in connection with Mr. Carter's possession with intent to distribute crack cocaine, conduct that he was not found guilty of committing. [*Id.* at 2] citing to [Dkt. 69 (Gov. Sent. Mem) at 2]. Mr. Carter alleges that the Government was grossly negligent and acted deceptively or fraudulently by arguing for a four level enhancement pursuant to USSG 2k2.1(b)(6)(B) without legal support. He argues that the 2.1 grams of crack cocaine discovered during his arrest was for personal use. For reasons explained herein, the Defendant's motion is DENIED.

## Discussion

19 U.S.C. § 1592 imposes civil penalties for fraud, gross negligence, or negligence in violation of the Tariff Act and is administered by the U.S. Customs Service.[1] The statute applies to international trade and is irrelevant to the Defendant's claims and the relief sought by his motion. See *Wind Corp. v. Wesko Locks, Ltd.*, No. 3:18-CV-292(AWT), 2018 WL 8729585, at *5 (D. Conn. Aug. 24, 2018) (explaining the operation of § 1592).

"The Judiciary Act of 1789, ch. 20, § 14, 1 Stat. 73, 81–82, conferred jurisdiction upon federal courts to issue writs of habeas corpus to prisoners in the custody of the United States." *Cephas v. Nash*, 328 F.3d 98, 103 (2d Cir. 2003)(citations omitted). The present federal habeas statute, 28 U.S.C. § 2255, permits federal prisoners to challenge the legality of their convictions or sentences by filing a petition for a writ of habeas corpus. The Defendant has not invoked the Court's habeas jurisdiction here. Therefore, the Court DENIES the Defendant's motion.

---

[1] 19 U.S.C. § 1952(a)(i) prohibits: "Without regard to whether the United States is or may be deprived of all or a portion of any lawful duty, tax, or fee thereby, no person, by fraud, gross negligence, or negligence--
(A) may enter, introduce, or attempt to enter or introduce any merchandise into the commerce of the United States by means of--
    (i) any document or electronically transmitted data or information, written or oral statement, or act which is material and false, or…"

**Additional Information about Defendant's Sentencing**

For the Defendant's edification, the Court notes that the Defendant's plea agreement, signed by the Defendant on August 4, 2015, [Dkt. 54 (Plea Agreement)] contains a waiver of the right to appeal or collaterally attack the conviction or sentence, including, but not limited to a motion under 28 U.S.C. § 2255, as long as the Court does not impose a sentence exceeding 77 months and 3 years of supervised release. [Dkt. 54 at 4-5].[2] The sentence imposed by the Court does not exceed these terms.

Additionally, the Court notes that the parties litigated the factual and legal basis for whether the four-level enhancement applied at sentencing. [Dkt. 67 (Def. Sent. Mem.) at 2-5]; [Dkt. 69 (Gov. Sent. Mem.)9-10]. A preponderance of the evidence standard applies in determining the relevant conduct for calculating the applicable recommended sentence under the U.S. Sentencing Commission's Guidelines. *United States v. Vaughn*, 430 F.3d 518, 525 (2d Cir. 2005). Unlike the facts necessary to support a criminal conviction at trial, the Government need not establish these facts beyond a reasonable doubt at sentencing. *Ibid.*

In support of their position that the Defendant was engaged in drug trafficking at the time he was arrested for possession of the firearm, the Government argued that "Carter had a sandwich bag which contained 14 small ziplock bags with crack cocaine for street level distribution." [Dkt. 69 at 9-10]. The

---

[2] Because the Defendant has not invoked the Court's habeas jurisdiction, the Court makes no findings as to the enforceability of the waiver.

Government also argued that, "just prior to being pulled over, Carter was seen by Bridgeport Detective Jason Amato engaging in what appeared to be a "hand-to-hand" drug transaction from his car." [*Id*. at 10].

Lastly, for Mr. Carter's reference, the Court notes that 18 U.S.C. 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, imposes a strict, one-year period of limitation, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through exercise of due diligence.

Mr. Carter was sentenced over three years ago and no appeal was filed.

## Conclusion

The Court DENIES the Defendant's motion to vacate his sentence pursuant to 19 U.S.C § 1952.

IT IS SO ORDERED.

    /s/
Hon. Vanessa L. Bryant
United States District Judge

Dated this day in Hartford, Connecticut: January 30, 2020